# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James Anderson, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, being duly sworn, hereby state as follows:

1. This affidavit is presented in support of an arrest warrant and criminal complaint. Based on the following facts, I submit there is probable cause to believe that, on or about October 15, 2016, in the State and District of Colorado, ROYCE FRANKLIN, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

2. The following statements are based upon my training and experience, consultation with other experienced investigators, agents, and other sources of information related to this and other firearms investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and arrest warrant and does include all the facts I know about this investigation.

3. On October 15, 2016 at approximately 0454 hours, Denver Police Department (DPD) Officers Razumovski and Casper were on regular patrol, in full police uniform, driving fully marked DPD patrol vehicles. At this time, Officers Razumovski and Casper were dispatched the Corner Store (which consists of a convenience store and gas station) located at 3490 Colorado Boulevard in Denver, Colorado on the report of a suspicious vehicle. An employee of the Corner Store called the police and advised that there was a black 4 door sedan parked outside of the business and it appeared to be abandoned with the lights on. This employee also did not know for sure how long this vehicle had been parked at this location.

4. Upon arrival, Officers found that the business was not yet open. Officer Razumovski then observed the vehicle described by the reporting party. The vehicle was located on the south side of the parking

area (not in a parking space) facing west. Officer Razumovski found that this vehicle was a black in color, Lincoln Towne Car, bearing Colorado license plate XQI621. Officer Razumovski now approached this vehicle from the passenger's side and noticed that the vehicle was not running and it was occupied by one individual in the driver's seat. Officer Razumovski continued towards the vehicle in an effort to determine if the driver, who was later identified as Royce FRANKLIN needed some type of assistance. When Officer Razumovski approached the passengers window, he observed in plain view, an open bottle of Miller High Life beer and an open can of Budweiser beer at the front of the center console.

5. When Officer Razumovski reached the passengers door of the vehicle, FRANKLIN unlocked the door by pressing the unlock button on the panel next to the driver's seat and Officer Razumovski opened the passenger's door so that he could speak with FRANKLIN. FRANKLIN could not let down the window to speak with Officers, as the battery was dead. When Officer Razumovski opened the door, he immediately detected a strong odor of an alcoholic beverage coming from inside of the vehicle. FRANKLIN then advised Officer Razumovski that he was consuming alcohol because he could not start his vehicle and he was upset over the recent murder of his nephew on South Birch Street. (I know from my knowledge and experience that there was in fact a Homicide on South Birch Street on October 12, 2016). Officer Casper was on the driver's side of the vehicle and opened the driver's door and asked FRANKLIN for his name and date of birth, as FRANKLIN said he did not have any identification. FRANKLIN at this point told Officer Casper his name and DOB. Officer Casper then returned to her patrol car.

6. While speaking with FRANKLIN, Officer Razumovski asked FRANKLIN if he had any weapons on his person, or in his vehicle. FRANKLIN responded that he was armed with a gun in his waistband. At this time, Officer Razumovski had FRANKLIN exit the vehicle and Officer Razumovski placed

FRANKLIN in handcuffs. Officer Razumovski then recovered a Glock, model 23, .40 caliber pistol, bearing serial number VMN137, from a holster in FRANKLIN's front waistband. This firearm was loaded with one (1) round of ammunition in the chamber and seven (7) additional rounds of .40 caliber ammunition in the pistol magazine. The ammunition was an assortment of RWS, Federal, Winchester, PMC and Speer brands.

7. After recovering the firearm, Officer Razumovski asked FRANKLIN if he (FRANKLIN) had a Concealed Carry permit and FRANKLIN said that he did not possess a permit. Officer Razumovski then asked FRANKLIN if he was a convicted felon and FRANKLIN stated that he was a convicted felon. FRANKLIN was then placed in the backseat of Officer Razumovski' patrol car.

8. FRANKLIN was then transported to the Denver Detention Center (DDC) for further processing. Upon arrival to the DDC, FRANKLIN was searched prior to entering the jail by members of the Denver Sheriff's Department. Deputy Grimes then recovered a total of 4 small baggies of what Officer Razumovski thought was crack cocaine from FRANKLIN's jacket pocket. Officer Razumovski took custody of the suspected crack cocaine at this point.

9. On October 18, 2016, I reviewed the criminal history pertaining to Royce FRANKLIN (born in 1976). I discovered FRANKLIN had the following adult felony convictions prohibiting him from possessing firearms and ammunition:

   - In Arapahoe County District Court case 2005CR3568 Royce FRANKLIN pleaded guilty to Colorado Revised Statute (C.R.S.) 18-5-113(1)(e), Criminal Impersonation Gain Benefit, a class 6 felony and was sentenced in this case on 02/10/2006.
   - In Jefferson County District Court case 2004CR3456 Royce FRANKLIN pleaded guilty to Colorado Revised Statute (C.R.S.) 18-18-405(1),(2)(a)(I)(A),(3)(a)(I), Possession of a Schedule

II Controlled Substance with Intent to Distribute, 25-450 grams, a class 3 felony and was sentenced in this case on 03/06/2006.

10. Additionally, I contacted ATF Special Agent (SA) Mark Feltz, who is certified in firearms interstate nexus determinations.  SA Feltz advised that neither the Glock, model 23, .40 caliber pistol bearing serial number VMN137, nor the RWS, Federal, Winchester, PMC and Speer brand ammunition contained in this firearm were manufactured in the State of Colorado and therefore must have traveled in, or affected interstate or foreign commerce prior to being recovered in Denver, Colorado on October 15, 2016.

11. On this same date (October 18, 2016), I conducted a function test on the Glock, model 23, .40 caliber pistol bearing serial number VMN137. I determined that this firearm functions as designed and fits the definition of a firearm under Title 18, United States Code, Section 921(a)(3): any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.

12. I submit that there is probable cause to believe that on or about October 18, 2016, in the State and District of Colorado, ROYCE FRANKLIN, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1).  Therefore, I request the issuance of a complaint for such offense and an arrest warrant.

...

...

...

...

...

13. I, James Anderson, being duly sworn according to law, depose and say that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

        *s/James Anderson*
        TFO James Anderson
        ATF

Sworn to before me this 19th day of October, 2016.

United States Magistrate Judge

**Affidavit reviewed and submitted by Mark Barrett, Assistant United States Attorney.**