IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  16-cr-00340-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROYCE FRANKLIN,

        Defendant.

---

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

---

        The United States of America, by Jason R. Dunn, United States Attorney, and through Martha A. Paluch, Assistant United States Attorney, hereby responds to the defendant's request for early termination of his supervised release, ECF 43.

**Background**

        On December 21, 2016, the defendant pled guilty to the one-count indictment filed in this case, which charged the defendant with possessing a firearm and ammunition after having been previously convicted of a felony offense in violation of Title 18, United States Code, Section 922(g)(1).  ECF 14, 25.

        The police made contact with the defendant on October 15, 2016, when the officers responded to a call about a suspicious vehicle parked in front of a convenience store.  The defendant was in the driver's seat and admitted he had been drinking because he was understandably upset about the murder of his nephew.  The defendant admitted that he was armed with a gun in his waistband and that he was a convicted

felon.  ECF 25 (Plea Agreement) at 5.

The defendant was searched while processed at the Denver Detention Center. During this search, officers located four small plastic baggies containing 7.7 grams of cocaine in the defendant's coat pocket, possession of which constituted a felony under Colorado law.  The government argued the cocaine amounted to over 70 $20 crack rocks.  There was no evidence to indicate this cocaine was for personal use, and rather, the multiple baggies were indicative of distribution.  ECF 35 (Government's Response to Defendant's Objections to Presentence Investigation Report) at 2-5.

Based on these facts, the Court agreed with the government that a four-level enhancement to the defendant's base offense level was warranted because the defendant possessed the firearm in connection with another felony offense.  The defendant's advisory guideline range was 41-51 months in prison and the Court imposed a variant sentence of 34 months in prison.  The Court also sentenced the defendant to serve three years of supervised release.  ECF 41 (Judgment).

To date, the defendant has served approximately 16 of his 36-month term.

**Defendant's Request**

In support of his request for early termination of his supervised release, the defendant cites 1) his stable and successful employment with West Direct Oil since February of 2019; 2) his active participation in his children's lives; 3) his clean substance testing results, completion of certifications, and his securing of a Colorado driver's license and bank account; and 4) his desire to travel out of state for his employment without requesting permission.  The defendant submits he is no longer in need of supervision.  ECF 43.

**Probation Office**

The government has conferred with the Probation Office. With the exception of a few missed appointments and dilute drug samples, the Probation Office concurs with the defendant that he has had no positive drug tests, no new arrests, and has maintained general stability with respect to his residence and employment.

**Legal Framework**

"[T]he general goal of supervised release is to assist the defendant, and that objective does not preclude restrictions on the defendant's freedom in order to provide sufficient structure and thereby increase the defendant's chance for a successful reentry into the community." *United States v. Foster,* 754 F.3d 1186, 1194 (10th Cir. 2014); *United States v. Johnson,* 529 U.S. 53-54 (2000) (the objectives of supervised release include "assisting individuals in their transition to community life").

The trial court, "as it sees fit, may modify the individual's supervised release conditions, [18 U.S.C.] § 3583(e)(2), or it may terminate his supervised release obligations after one year of completed service, § 3583(e)(1)." *Johnson,* 529 U.S. at 54. Accordingly, whether to grant a motion to terminate a period of supervised release "is a matter of district court discretion." *Rhodes v. Judiscak,* 653 F.3d 1146, 1148 (10th Cir. 2011).

**Government's Position**

The government believes the defendant should be commended for his productive and positive behavior while on supervised release. It appears the defendant is in a good place and is committed to living his life without any further criminal or supervisory violations. Nonetheless, the government submits that serving only 16 of his 36 months

3

of supervision is insufficient to solidify "the defendant's chances for a successful reentry into the community." *Foster,* 754 F.3d at 1194. Of concern is the defendant's lengthy criminal history, which includes three prior felony convictions involving firearms, one of which was a prior drug conviction. Given the defendant's criminal history and traumatic events that have occurred during his lifetime, the government submits an additional period of **six months** of supervision will provide the defendant with the oversight and treatment that will best ensure a successful and crime-free future. At that point, the defendant will have served approximately 22 of his 36 months of supervised release.

### Conclusion

The government respectfully requests that the Court deny the defendant's request for early termination of his supervised release at this time. The government proposes filing a Status Report in **six months** apprising the Court as to the degree of the defendant's compliance with the terms of his supervised release during these six months and providing a recommendation at that time as to early termination of the defendant's supervised release.

Respectfully submitted this 7th day of August, 2020.

JASON R. DUNN
United States Attorney

s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 7th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  In addition, I mailed a copy of this response via the United States Postal Service, return receipt requested, addressed to:

Mr. Royce Franklin
3530 Ivanhoe Street
Denver, CO 80207

I have also emailed a copy of this response to:

Garret Pfalmer, Supervising Probation Officer
Garret_Pfalmer@cod.uscourts.gov

                                  *s/Martha A. Paluch*
                                  Martha A. Paluch
                                  Assistant U.S. Attorney
                                  United States Attorney's Office
                                  1801 California Street, Suite 1600
                                  Denver, CO  80202
                                  (303) 454-0100
                                  Martha.paluch@usdoj.gov